D. Ormonde Ritchie, J.
This is an application by the defendants Elliott for an order compelling plaintiff to execute a partial satisfaction of judgment discharging the judgment insofar as it affects those defendants and to vacate a third-party subpoena in supplementary proceedings.
On March 21, 1956, plaintiff obtained a judgment in the amount of $2,920.21 against John R. Elliott, Anne Elliott, Fritz Burckhardt and Peter J. Weyhrauch. Prior to the entry of judgment, a stipulation dated February 28, 1.956, was executed by the attorney for the plaintiff and the attorney for the defendants John R. Elliott, Anne Elliott and Peter J. Weyhrauch, in which it was stipulated that the answers of these defendants were withdrawn and that judgment was to be entered against them by consent and that upon payment by the Elliotts of the sum of $1,000 and payment by Weyhrauch of $1,000 by fixed installments, partial satisfactions of judgment were to be executed discharging the judgment insofar as it affected those defendants. The Elliotts made prompt payments totaling $980. *297 They were briefly in default in the payment of the final four $5 installments. A check for the balance of $20 was forwarded to the attorney for the plaintiffs marked “ final check”. The check was returned to the Elliotts upon the claim that it was improperly so marked.
Weyhrauch made a lump sum payment of $500 in consideration of his being relieved from the terms of the stipulation that provided for his payment of $1,000 in installments of $5 weekly and his complete discharge from the judgment. Plaintiffs accepted the payment and executed a partial satisfaction of judgment releasing Weyhrauch. Acceptance of Weyhrauch’s offer was made in a letter from plaintiff’s attorney to the attorney for Weyhrauch and the Elliotts. The letter accepting Weyhrauch’s offer contained the following statement: “ reserving all rights against the codebtors ”. Pointing out that statement in the letter and to a reservation in the stipulation which reads “ 5. Provided the defendants shall faithfully and promptly pay the aforesaid sum of Two Thousand ($2,000.00) Dollars in the manner above provided, then and in such event plaintiff agrees to execute and deliver to said defendants a limited satisfaction of the judgment to be entered upon this stipulation whereby plaintiff shall consent and agree that the said judgment shall be satisfied as to said defendants only, plaintiff reserving all rights against the defendant Fritz Burckhardt; but upon default in any of said payments plaintiff shall have the right to apply any and all payments theretofore received in partial satisfaction of the aforesaid judgment, and said judgment shall thereafter be enforceable for the full amount thereof less credit for such partial payment or payments.” The attorney for the plaintiff contends that all three of the defendants executing the stipulation were liable jointly and individually for the sum of $2,000 to plaintiff and that only the sum of $1,480 was paid thereon, $980 by the Elliotts and $500 by Weyhrauch and that to effect the discharge of the Elliotts under the stipulation they were obligated to pay the $500 balance from which Weyhrauch was released. Further stress is laid upon the failure by the Elliotts to pay the last four installments of $5 in strict accordance with the stipulation.
The court does not interpret the stipulation in accordance with the interpretation thereof by plaintiff’s attorney. Nor does it attach any significance to the statement in the letter rejecting the payment of $20. Further the claim of plaintiff that the late payment of the last four installments entitled plaintiff to payment in full of the whole amount of the judgment is without merit. Clearly, the import of the stipulation *298 was that upon payment by the Elliotts of the sum of $1,000, they were entitled to a discharge from the judgment and the court so finds.
The motion is granted in its entirety, with $10 costs to the defendants Elliott.